# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THOMAS M. GRISSETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　Defendant. | NO. C10-1932-JCC-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Thomas M. Grissett appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be reversed and remanded for further proceedings.

## I.　　FACTS AND PROCEDURAL HISTORY

At the time of his administrative hearing, plaintiff was a 37 year-old man with a limited education. Administrative Record ("AR") at 19-20. His past work experience includes

REPORT AND RECOMMENDATION - 1

employment as a cashier, car wash attendant, dishwasher, fast food worker and landscape laborer. AR at 19. Plaintiff was last gainfully employed in January 2008. AR at 16.

On February 22, 2008, plaintiff filed a claim for SSI payments. On March 6, 2008, he filed an application for DIB, alleging an onset date of January 3, 2008. AR at 14. Plaintiff asserts that he is disabled due to a severe back impairment. AR at 16.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 14. Plaintiff requested a hearing which took place on November 17, 2009. AR at 26-69. On December 7, 2009, the ALJ issued a decision finding plaintiff not disabled and denied benefits. AR at 14-21. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. No. 3.

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. EVALUATING DISABILITY

As the claimant, Mr. Grissett bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age,

education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V. DECISION BELOW

On December 7, 2009, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since January 3, 2008, the alleged onset date.

3. The claimant has the following severe impairment: status post L5-S1 microdiscectomy.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry less than 10 pounds frequently and occasionally, stand and/or walk up to two hours in an eight hour workday, and sit up to six hours in an eight hour workday with normal breaks and the option to sit or stand at will. The claimant cannot climb ropes or ladders and is limited to occasional pushing or pulling of foot controls with the left leg.

6. The claimant is unable to perform any past relevant work.

| | | |
|---|---|---|
| 1 | 7. | The claimant was born on XXXX, 1972 and was 35 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.[2] |
| 2 | | |
| 3 | 8. | The claimant has a limited education and is able to communicate in English. |
| 4 | 9. | Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled. |
| 5 | 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. |
| 6 | | |
| 7 | 11. | The claimant has not been under a disability, as defined in the Social Security Act, from January 3, 2008 through the date of this decision. |

AR at 16-21.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ properly evaluate the medical opinions of plaintiff's treating physician?

2. Did the ALJ properly evaluate the State DDS reports?

3. Did the ALJ err in her adverse credibility determination?

Dkt. No. 18 at 1.

## VII. DISCUSSION

A. <u>The ALJ Erred in Her Treatment of the Opinions of the Treating Physician</u>

Plaintiff was treated by Chad Cleven, D.O. in 2008 and 2009 for his back impairment. Dr. Cleven opined that plaintiff was "severely limited" and unable to lift at least 2 pounds and had markedly limited abilities to sit, stand walk, lift, handle and carry. AR at 332. The ALJ rejected the treating physician's opinions, stating:

> The medical record includes at least three evaluations from the claimant's physician, Chad Cleven, D.O., that were provided to the State Department of Social and Health Services pursuant to the claimant's receipt of public

---
[2] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

> assistance payments. Dr. Cleven noted that the claimant's ability to sit, stand, walk, lift, handle, and carry was markedly limited due to left S1 nerve root impingement and the claimant was unable to perform any manual labor or sit or stand more than 10 minutes at a time. Dr. Cleven identified the claimant's overall work level as severely limited. . . . Dr. Cleven's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled and the doctor did not specifically address this weakness. His assessment is not supported by his noted physical examination of the claimant that showed only mildly limited range of motion, or the post-operative treatment records which indicated improvement in the claimant's symptom following the microdiscetomy. For these reasons, little weight has been given to the physical evaluations provided by Dr. Cleven.

AR at 19. Plaintiff claims that the ALJ failed to properly evaluate the opinions of the treating physician. The Commissioner disagrees. The plaintiff is correct.

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2. Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Orn*, 495 F.3d at 632-33.

The ALJ was required to provide specific and legitimate reasons to reject the opinions of the treating physician. The ALJ rejected the opinions because the doctor did not report the "clinical and laboratory abnormalities" one would expect if plaintiff were truly disabled and records reflecting what, in the ALJ's mind is concerned, is an only mildly limited range of motion. AR at 19. The problem facing the Commissioner is that there is no basis in the record to conclude that either of these reasons are valid or invalid. A medical expert ("ME") was

called to appear at the hearing. AR at 29-31. Apparently the doctor did not receive the medical evidence, so he could not testify. The ALJ stated that the hearing would proceed regardless, "and if necessary then we will have to either get a follow up CE, which, either get a CE or reschedule with the medical expert who has received the medical evidence." AR at 31. The ALJ did neither. As a result, there is no basis for the Court to review whether substantial evidence supports the proposition that clinical and "laboratory" abnormalities are greater or lesser than what one would expect in light of the claimed impairments or whether the range of motion is limited or not limited to such an extent that it would support the RFC determined by the ALJ. Accordingly, this matter must be remanded for further evaluation by the ALJ, in light of the hierarchy of medical evidence set forth above, with the aid of a further physical examination or testimony of a ME so that a proper record can be made.

### B. On Remand, the ALJ Will Reevlauate the State Disability Determination Services Reports

In her opinion, the ALJ cited to two non-examining state physicians' reports (Robert Hoskins, M.D. (AR at 325-26) and Anne Scharff (AR at 310-17)) as support for the plaintiff's RFC. AR at 19. However, only Dr. Hoskins is a physician. Ms. Scharff was a non-physician adjudicator, and not a non-examining physician. Instead, she is State Single Decisionmaker ("SDM"). It appears that on September 14, 2010, after the administrative hearing in this case, the Office of the Chief Administrative Law Judge directed ALJs to refrain from evaluating or relying upon SDM determinations as substantive evidence. *See, Consideration of Single Decisionmaker (SDM) Residual Functional Capacity Assessment and Other Findings* (September 14, 2010), *available at* http:p/policy.ssa.gov/poms.nsf/links/0412015002.

Because this matter is being remanded for further proceedings, the ALJ will also be directed to reevaluate the State DDS reports consistently with this policy.

### C. Credibility

The ALJ found plaintiff to be less than fully credible, a finding that plaintiff challenges as not supported by the record of his daily activities and his medication. As noted above, credibility determinations are within the province of the ALJ's responsibilities, and will not be disturbed, unless they are not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281; SSR 96-7p. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick*, 157 F.3d at 722. Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722.

When evaluating a claimant's credibility, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at 722. The ALJ may consider "ordinary techniques of credibility evaluation" including a reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record,

and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. *Smolen*, 80 F.3d at 1284; *see also Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ's rational for the adverse credibility finding is not set forth in any detail in the opinion, but appears to be premised on the ALJ's conclusion that the medical evidence does not support the level of impairment claimed by the plaintiff. Because this matter is being remanded for further evaluation in this regard, the ALJ is directed to reevaluate plaintiff's credibility in conformity with the law set forth above.

## VIII. CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for further proceedings not inconsistent with the Court's instructions. A proposed order accompanies this Report and Recommendation.

DATED this 28th day of July, 2011

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge